UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY M. LINNEN,

                Petitioner,

                                                    **DECISION AND ORDER**
    -vs-                                        **No. 05-CV-6484(VEB)**

THOMAS POOLE,

                Respondent.
_____

**I.    Introduction**

On February 24, 2010, this Court issued a final Decision and Order in the above-captioned proceeding denying the *pro se* petition for habeas corpus filed by Anthony M. Linnen ("Linnen" or "Petitioner") and denying a certificate of appealability. (Docket No. 19). Judgment denying the petition was entered the following day. (Docket No. 201). On March 8, 2010, Linnen filed a motion for reconsideration of the Court's Decision and Order under Rule 59 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) and to set aside the judgment under Fed. R. Civ. P. 60(b). (Docket No. 21). Linnen cited in support of his motion a number of other Federal Rules of Civil Procedure which do not have applicability in this context.

On March 25th, Linnen filed a motion to appoint counsel. (Docket No. 24). On April 16, 2010, he filed a motion for miscellaneous relief, including an order holding that 28 U.S.C. § 636(c)(1) is unconstitutional and an order granting him a stay-and-abeyance to return to state court to unexhausted numerous new, unexhausted claims. (Docket No. 25). On July 6, 2010, Linnen sought and received an extension of time in which to file additional documents. (Docket

No. 27). He subsequently requested an enlargement of time in which to file these documents until November 30, 2010; this was granted. (Docket Nos. 28, 29). Linnen requested another extension of time until January 2, 2011, to file the above-referenced documents. However, this application was by letter and was not docketed. The Court is now in receipt of Linnen's voluminous supplemental documentation. (Docket No. 30). For simplicity's sake, Linnen's various pending motions hereinafter will be referred to, collectively, as "the Rule 60(b) Motion". The Court deems the related pleadings and documentation to have been timely filed.

In his Rule 60(b) Motion, Linnen argues that the Court overlooked and misconstrued parts of the record and came to erroneous legal conclusions about all of his claims. In particular, Linnen asserts that (1) the *sua sponte* invocation of the affirmative defense of procedural default with regard to the prosecutorial misconduct claim was clear error (Point 1); (2) the Court abused its discretion in failing to hold a "mandatory hearing on several meritorious issues which did not receive a full and fair hearin [sic] in the state courts (Point 2); (3) the Decision and Order was "filled with so many errors of fact, law and procedure, that if not corrected" will result in the arbitrary denial of habeas relief, appellate review, and equal protection of the law (Point 3); (4) because Petitioner was "never informed that he was waiving review by an Article III judge, Title 28 U.S.C. 636(c), as applied, is unconstitutional (Point 4); (5) "newly discovered evidence" exits "affecting the integrity and validity of" the Decision and Order (Point 5); (6) Petitioner has "demonstrated that the prosecutor committed fraud on the courts" (Point 6); and (7) "a stay and abeyance order should be issued so that" Petitioner may return to the state courts to "exhaust several meritorious issues demonstrating actual innocence, cause and fraud" (Point 7). In addition, under Point 8, Petitioner lists eight (8) proposed issues as to which he seeks amendment

of the petition and a stay-and-abeyance. *See* Docket No. 30. For the reasons that follow, the Court adheres to its original ruling on his habeas petition and dismisses the Rule 60(b) Motion.

Furthermore, the Court denies his request for counsel and for invocation of the stay-and-abeyance procedure.

Finally, the Court notes that Linnen has correctly pointed out several minor errors in the Decision and Order. The Court will rectify these errors by issuing a corrected Decision and Order.

## II. Applicable Legal Principles

### A. Rule 59 Motion For Reconsideration

In order to prevail on a motion for reconsideration, the moving party faces stringent requirements. *E.g.*, *In re C-TC 9th Ave. P'ship*, 182 B.R. 1, 3 (N.D.N.Y.1995) (cited in *Graziano v. Lape*, No. 904CV0084LEKGJD, 2005 WL 1176567, *1 (N.D.N.Y.2005)) (denying reconsideration of order denying petitioner's motion to amend his § 2254 habeas corpus petition to add an additional claim). A court's rulings on a motion for reconsideration are "committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *Id.* (quoting *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983)). Generally, the courts recognize only three possible grounds upon which motions for reconsideration may be granted: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Id.* (citing *Wilson v. Consolidated Rail Corp.*, 815 F.Supp. 585, 586 (N.D.N.Y.1993)) (citing *McLaughlin v. New York*, 784 F.Supp. 961, 965 (N.D.N.Y.1992)); *accord Graziano v. Lape*, 2005 WL 1176567, at *1.

### B.  Rule 60(b) Motion For Relief From Judgment

Under Rule 60(b), a court may grant relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial . . .;
> (3) fraud . . ., misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b)(1-6). Importantly, Rule 60(b) is not a vehicle for rearguing the merits of the challenged decision. *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir.1989) ("[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits.") (citations omitted). Rather than standing in for an ordinary appeal, Rule 60(b) provides relief only in exceptional circumstances. *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986); *see also Harris v. United States*, 367 F.3d 74, 77 (2d. Cir.2004) ("[A]n attack on the integrity of a previous habeas proceeding using subsection (6) of Rule 60(b) is viable only in 'extraordinary circumstances.'"). Granting a Rule 60(b) motion requires a showing of "extraordinary circumstances" to "justify [ ] the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) (citations and quotation marks omitted). *See also Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir.1990) (finding that relief under Rule 60(b) may be granted "only upon a showing of exceptional circumstances").

### III. Analysis of Petitioner's Claims

#### A. The Claims Pertaining to Petitioner's Request for Reconsideration and/or Relief from Judgment

The Supreme Court has recognized that Rule 60(b) applies in habeas corpus cases and may be used to reopen a habeas proceeding. *See Gonzalez v. Crosby*, 545 U.S. 524, 534, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) (stating that "Rule 60(b) has an unquestionably valid role to play in habeas cases" and giving examples). It would seem that Rule 59 also would apply in habeas proceedings given the similarity of the two sections.

However, "relief under Rule 60(b) is available for a previous habeas proceeding *only* when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." *Harris*, 367 F.3d at 77 (emphasis supplied); *accord Gitten v. United States*, 311 F.3d 529, 532 n. 4 (2d Cir.2002). When a habeas petitioner files a Rule 60(b) motion, however, the district court must determine whether the motion is, in substance, a successive habeas petition under 28 U.S.C. § 2244 of the Anti-terrorism and Effective Death Penalty Act ("AEDPA") and thus subject to AEDPA's "gatekeeping" requirement that a successive habeas petition be pre-certified by the Second Circuit Court of Appeals to contain newly discovered evidence or a new rule of constitutional law.

When presented with a Rule 60(b) motion that merely asserts or reasserts claims of error in the movant's underlying conviction or sentence, a district court has two procedural options: "(i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the Court of Appeals] for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond

the scope of Rule 60(b).'" *Harris v. United States*, 367 F.3d at 82 (2d Cir.2004) (quoting *Gitten v. United States*, 311 F.3d at 534); *accord, e.g., Yuzarry v. United States*, Nos. 04 Civ. 2809(RPP), 96 Cr. 967(RPP), 2007 WL 4276864, at *4 (S.D.N.Y. Nov. 30, 2007)).

>    a.   **Petitioner's Point One: "The *sua sponte* invocation of the affirmative defense of procedural default with regard to the prosecutorial misconduct claim was clear error"**

As an initial matter, Linnen has not demonstrated that he is entitled to have a "clear error" standard applied in this collateral proceeding. "Generally, courts should not raise *sua sponte* nonjurisdictional defenses not raised by the parties." *Acosta v. Artuz*, 221 F.3d 117, 122 (2d Cir. 2000) (quoting United States v. Burke, 504 U.S. 229, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992) (Scalia, J., concurring). However, the Second Circuit has held that the district court's authority to raise procedural defenses such as procedural default in the context of Section 2254 habeas petitions, *sua sponte*, is consistent with the authority provided to the district courts in 2254 Habeas Rule 4 and 2255 Habeas Rule 4(b). *Acosta*, 221 F.3d at 123 (citing Hardiman, 971 F.2d at 504 (With respect to Section 2254 petitions, Rule 4 "indicates that Congress intended the courts to play a more active role in § 2254 cases than they generally play in many other kinds of cases"); Hines, 971 F.2d at 509). The Second Circuit observed that "[t]hese rules give the district court the power to review and dismiss habeas petitions prior to any responsive pleading by the state, '[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief.'" *Id.* (quoting 2254 Habeas Rule 4; see 2255 Habeas Rule 4(b)). A number of Linnen's arguments are merely reasserting claims of error in the underlying conviction.

In any event, the Court issued an alternative ruling in its Decision and Order finding that

Linnen's allegations of prosecutorial misconduct were unsubstantiated and without merit. The Court has reviewed the transcript and the alleged errors and adheres to its original alternative ruling that Linnen's contention is wholly without merit. He has not come close to overcoming the "extremely high" burden, Bentley v. Scully, 41 F.3d 818, 824 (2d Cir.1994), of "demonstrat[ing] that he suffered actual prejudice because the prosecutor's comments during summation had a substantial and injurious effect or influence in determining the jury's verdict" and were so egregious as to amount to denial of constitutional due process, rendering the trial "fundamentally unfair." *Floyd v. Meachum*, 907 F.2d 347, 353 (2d Cir.1990) (citing, *e.g.*, *Donnelly v. DeChristoforo*, 416 U.S. 637, 642-43, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974) (requiring prosecutors remarks to "so infect [ ] the trial with unfairness as to make the resulting conviction a denial of due process").

### b. Petitioner's Point Two: Abuse of Discretion in Failing to Hold a "Mandatory" Evidentiary Hearing

Under Point Two, Linnen contends that this Court abused its discretion in failing to hold what he deems a "mandatory" evidentiary hearing on several of his habeas claims. However, "an evidentiary hearing is not required on issues that can be resolved by reference to the state court record." *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007) (internal quotation marks omitted). " If district courts were required to allow federal habeas applicants to develop even the most insubstantial factual allegations in evidentiary hearings, district courts would be forced to reopen factual disputes that were conclusively resolved in the state courts." *Id.* at 475. Linnen is of course entitled to disagree, but he has not demonstrated that this Court abused its discretion in determining that, even with the benefit of an evidentiary

hearing, Linnen could develop a factual record that would entitle him to habeas relief. This court did not deprive him of any process to which he was entitled in his habeas proceedings. Petitioner's motion on this basis is denied. *Accord*, *e.g.*, *Figueroa v. Walsh*, No. 00-CV-1160, 2010 WL 772625, *6 (E.D.N.Y. Mar. 4, 2010).

    c.  **Petitioner's Point Three: "Errors of Fact, Law and Procedure"**

Petitioner is correct that the Court's original Decision and Order contains several errors. Although regrettable, none of them are critical to the Court's reasoning or conclusions and they do not affect the integrity of the judgment. The Court nonetheless is issuing a corrected Decision and Order to rectify these errors.

As to the remainder of Petitioner's claims of "[m]isrepresentations, omissisions and misstatements of fact", the Court finds that these are merely Petitioner's attempts to reargue the claims already determined by this Court in its Decision and Order. Notwithstanding Petitioner's artful drafting, the remaining allegations under Point Three are denied because they attack the underlying conviction and are therefore beyond the scope of Rule 60(b). *See Harris v. United States*, 367 F.3d at 82.

    d.  **Petitioner's Point Four: Involuntariness of Consent Pursuant to Title 28 U.S.C. § 636(c)(1)**

Linnen contends that he did not knowingly and intelligently waive his right to Article III review and therefore his consent to magistrate judge's jurisdiction was invalid, and that Section 636(c)(1) is unconstitutional as applied to his case. Linnen states that he misunderstood the consent form, believing that he would nevertheless be entitled to file objections to the district judge. This argument, although creative and well written, is without merit. Furthermore, Linnen's

acuity in legal matters belies this contention that he did not know what he was doing when he signed the consent form. In sum, the Court rejects his contentions that he did not voluntarily consent to magistrate judge's jurisdiction under 28 U.S.C. § 636(c)(1) and that this statute is an abdication of constitutional responsibility by Article III judges.

e. Petitioner's Point Five: "Newly Discovered Evidence"

Linnen next contends that he has "newly discovered evidence" which affects the "integrity and validity" of the Court's Decision and Order–presumably he refers to "integrity and validity" to bring his claim within the ambit of Rule 60(b). For the sake of completeness, the Court has reviewed what Linnen denominates as "missing transcripts and prisoner intake forms"; the "class action Affidavit and the Kaye Commission Report" regarding the constitutional efficacy of New York's assigned counsel program; and Linnen's psychiatric records and assigned counsel's affidavit submitted with regard to his preparation of the case.

These documents do not change the Court's conclusion with regard to its rulings on the voluntariness of his confession and the effectiveness of trial counsel. Accordingly, the allegations under Point Five do not provide a basis for relief from judgment.

f. Petitioner's Point Six: "Commission of Fraud on the Courts"

Linnen argues that the Court has made so many errors, and because he has demonstrated that the police and the prosecutor have committed fraud affecting the validity of the Court's Decision and Order, he is entitled to discovery, in the form of requiring the Erie County District Attorney's Office to respond in writing to interrogatories.

"[A] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904; *see also Drake*

*v. Portuondo*, 321 F.3d 338, 346 (2d Cir. 2003); *see also Harris v. Nelson*, 394 U.S. 286, 295 (1969) (concluding that the "broad discovery provisions" of the Federal Rules of Civil Procedure did not apply in habeas proceedings). Rule 6(a) of the Rules Governing § 2254 Cases provides that a habeas petitioner is entitled to discovery "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." *See Bracy*, 520 U.S. at 904. Whether a petitioner has shown "good cause" depends on whether the petitioner has set forth specific allegations that provide "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. at 299).

Linnen's claims of error on this Court's part have already been addressed. His allegations of fraud by the police and prosecutor pertain to "Point 5" (the alleged newly discovered evidence) and "Point 8" (the proposed amended claims). It is unclear exactly how the police and the prosecutor have committed fraud on the Court, and Linnen does not provide particulars; nor is such "fraud" discernible on the face of, or in the parsing of, the record in this case. Suffice it to say, Linnen has not demonstrated the requisite level of good cause for invoking discovery procedures because he has set not forth specific allegations that provide reason to believe that he might be able to demonstrate that he is entitled to relief, if the facts are more developed than they already have been, given Linnen's exhaustive filings. See *Bracy*, 520 U.S. at 908-09.

  **B.**  **Petitioner's Claims Relating to the Stay-and-Abeyance Request (Point Seven) and Motion to Amend (Point Eight)**

Linnen asserts that a stay-and-abeyance order should be issued so that he may go back to state court to present and exhaust "several meritorious issues demonstrating actual innocence,

cause, or fraud on the part of the State." Linnen then refers to "Point 8" of his Rule 60(b) Motion (Docket No. 30) which contains his list of proposed amended claims that he wishes to present to the state courts via a C.P.L. § 440.10 motion and an application for a writ of error *coram nobis*. Linnen's proposed amended claims are as follows: (1) appellate counsel was ineffective in failing to brief several reversible errors committed by the trial court; (2) appellate counsel was ineffective in failing to argue that the evidence was legally insufficient to establish that the defendant had the necessary intent for his conviction of intentional murder; (3) because the defendant is factually innocent, his conviction for murder in the second degree violates that 8th and 14th amendments; (4) the defendant was denied due process and a fair trial by prosecutorial misconduct; (5) the grand jury proceedings were defective as a matter of law; (6) the failure of the police to record the interrogation usurped the exclusive fact-finding function of the jury by failing to preserve the best evidence of the contents of the interrogation; (7) appellate counsel was ineffective in failing to argue that trial counsel was ineffective in failing to object to the prosecutor's summation, object to the trial court's numerous errors, request the appropriate jury instructions; and in committing other errors; and (8) New York County Law § 722, C.P.L. § 440.10(2), C.P.L. § 440.30(1), and the "Meaningful Representation standard [sic]", as applied, are unconstitutional.

Linnen acknowledges the standard under *Rhines v. Weber* for determining whether it would be a proper exercise of the district court's discretion to issue a stay-and-abeyance. The Supreme Court stated in *Rhines* that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had [1] good cause for his failure to exhaust, [2] his unexhausted claims are potentially meritorious, and [3] there is no indication

that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 278. On the other hand, the Supreme Court explained, even if a petitioner had "good cause" for the failure to exhaust the claims first, it would be an abuse of discretion to grant a stay when the claims are "plainly meritless." *Id.* at 277 (citing 28 U.S.C. § 2254(b)(2)).

In this case, it clearly would be an abuse of discretion for the Court to invoke the stay-and-abeyance procedure. There is absolutely no reason why Linnen could not have raised his ineffective assistance of appellate counsel claims ("Amends 1, 2, and 7") earlier, since all of the alleged errors pertain to appellate counsel omission of certain alleged trial errors–all of which were known to Linnen may years ago. Thus, he cannot demonstrate "good cause" for failing to exhaust them sooner; indeed, it appears to this Court he is engaging in intentionally dilatory litigation tactics in an attempt to prolong the inevitable negative outcome of his habeas proceeding.

With regard to the claims asserted in "Amend 4", "Amend 6", and "Amend 8", Linnen likewise was on notice of the bases for these arguments years ago. Again, this precludes him from demonstrating "good cause" for failing to exhaust them sooner. These claims likewise appear to be part of Linnen's intentionally dilatory litigation tactics. Furthermore, they would be required to be denied by the state court pursuant to C.P.L. § 440.10(2)(c) because the matters could have been raised on direct appeal. *See* N.Y. Crim. Proc. Law § 440.10(2)(c).

Next, although Linnen styles "Amend 3" as a claim of newly discovered evidence of innocence, in it he merely argues that his psychiatric records demonstrate a viable defense of extreme emotional disturbance. Extreme emotional disturbance is only a partial affirmative defense to intentional murder; it is not complete defense as is, for example, justification. *See*

*Vargas-Sarmiento v. United States Dept. of Justice*, 448 F.3d 159, 166 (2d Cir.2006) (Extreme emotional disturbance is a statutory, partial affirmative defense that is available where "[t]he defendant acted under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse.") (citing N.Y. Penal Law § 125.25 (1)(a)). Moreover, Linnen's psychiatric records do not meet the extremely high standard for demonstrating "actual innocence" as defined by the Supreme Court. *See Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) ("To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.").

Finally, "Amend 5" is plainly meritless because it asserts an alleged defect in Linnen's grand jury proceeding. Such a claim is clearly not cognizable on federal habeas review.

In sum, Linnen has wholly failed to fulfill the *Rhines* criteria for any of his proposed amended claims. Because a stay-and-abeyance would be an abuse of discretion, it is denied. Linnen's motion to amend is hereby denied as moot in light of this Court's denial of the stay motion.

### III. Conclusion

Linnen has not demonstrated the existence of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial . . .; (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) that the judgment is void; (5) that the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or

otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or that there is (6) any other reason justifying relief from the operation of the judgment under Fed. R. Civ. P. 60(b). Therefore, his motion for relief from judgment (Motion for Reconsideration, Docket No. 21) is denied with prejudice.

Linnen has not demonstrated an intervening change in controlling law, or the availability of new evidence not previously available, or the need to correct a clear error of law or prevent manifest injustice, so as to warrant relief under Rule 59. Accordingly, that motion (Motion for Reconsideration, Docket No. 21) is denied.

Linnen has not fulfilled the requirements for demonstrating that he is entitled to a stay-and-abeyance, which requires denial with prejudice of his motions to stay and to amend (Motion for Miscellaneous Relief, Docket No. 25).

Finally, appointment of counsel in this matter would not be a proper exercise of discretion. *See Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986); *see also In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). Accordingly, his motion to appoint counsel (Motion to Appoint Counsel, Docket No. 24) is denied with prejudice.

**In sum, all of Linnen's pending post-judgment applications (Docket Nos. 21, 24 & 24) are denied with prejudice.** No certificate of appealability shall issue given the lack of a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2). The Court adheres to its original Decision and Order, as corrected, denying Linnen's petition for a writ of habeas corpus and denying a certificate of appealability.

**IT IS SO ORDERED.**

/s/ Victor E. Bianchini
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated:   February 4, 2011
         Rochester, New York